**GRIMM, VRANJES & GREER LLP**
GREGORY D. STEPHAN, Esq. (SBN 134906)
E-mail: gstephan@gvgllp.com
MATTHEW MORACHE, Esq. (SBN 216253)
E-mail: mmorache@gvgllp.com
Post Office Box 129012
San Diego, CA 92112-9012
Tel: (619) 231-8802 Fax: (619) 233-6039

Attorneys for Plaintiff
FIRST SPECIALTY INSURANCE CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS RITE AEROSPACE, INC.; LUAM UM NHEAN; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 2:21-cv-1383<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Trial Date: None set |

Comes now, FIRST SPECIALTY INSURANCE CORPORATION (hereinafter referred to as "Plaintiff" or "FSIC") and pleads the following allegations on information and belief in support of its Complaint herein.

1. FSIC, through the present action seeks a judicial declaration that the claim asserted against Defendant ADAMS RITE AEROSPACE, INC. (hereinafter referred to as "ADAMS RITE") by LUAM UM NHEAN in the case entitled *Luan Um Nhean v. Ability First, et al.*, Los Angeles Superior Court Case No. 20 ST CV35483 (hereinafter referred to as "Underlying Action") is not covered by the FSIC policy at issue and that FSIC has no duty to defend or indemnify ADAMS RITE in the Underlying Action.

///

# JURISDICTION

2.	Plaintiff FSIC is a corporation incorporated under the laws of the State of Missouri and having its principal place of business in the State of Kansas. FSIC is and, at all relevant times was, an insurance carrier eligible to do business as an insurer in the state of California.

3.	Plaintiff is informed and believes and thereon alleges that Defendant, ADAMS RITE is a corporation organized and existing under the laws of the State of California with its principal place of business in California.

4.	Plaintiff is informed and believes and thereon alleges that Defendant LUAM UM NHEAN is a citizen of the State of California, residing in Los Angeles County, California.

5.	The true names and capacities, whether individual, corporate, partnership, associate or otherwise of defendants Does 1-50, inclusive are presently unknown to Plaintiff. Plaintiff upon information and belief alleges that each of the Doe defendants may be responsible in some manner for the events and happenings herein referred to and legally caused the damages alleged by Plaintiff in its Complaint. Plaintiff will seek to amend this Complaint and set forth the true names and capacities of discovered Doe defendants when their identities become known to Plaintiff.

6.	The amount in controversy is in excess of $75,000.

7.	The Court has diversity jurisdiction under 28 U.S.C. Section 1332, as Plaintiff is domiciled in Missouri and the Defendants are domiciled in California.

# VENUE

8.	Plaintiff is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in this judicial district. Venue therefore, lies with this Court as a substantial part of the events which are

///

subject to the claims asserted herein are located and/or took place in this judicial district.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

9. Plaintiff incorporates by reference each and every allegation contained above as though fully set forth herein.

### The FSIC Policy

10. Plaintiff, FSIC, issued Commercial General Liability Insurance Policy No. IRG2000172 05 to TransDigm Group, Inc. for the coverage period of August 1, 2017 to August 1, 2018 (hereinafter referred to as the "FSIC Policy"). The FSIC Policy insures ADAMS RITE as a subsidiary of TransDigm Group, Inc.

11. The FSIC Policy excludes coverage for "bodily injury" or "property damage" which would not have occurred but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" ("Total Pollution Exclusion"). "Pollutants" is defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

12. FSIC's obligation to defend or indemnify an insured under the FSIC Policy is further conditioned upon the insured's satisfaction of a Self-Insured Retention ("SIR") in the amount of $500,000 in either defense expense or loss.

### The Underlying Action

13. On September 16, 2020, Defendant LUAM UM NHEAN initiated suit against Ability First, DirecTV International, Inc. and ADAMS RITE AEROSPACE, INC. alleging Fraudulent Concealment of Injury, Negligence, Negligence-Premises Liability, Intentional Infliction of Emotional Distress and Violation of California Business and Professions Code Section 17200.

14. In her Complaint, Defendant LUAM UM NHEAN alleges that she was employed as a job coach with a company known as Ability First from

September 2010 to June 2020 assisting and instructing disabled individuals in performing job tasks for various companies.

15. From 2011 until July 2017, Defendant LUAM UM NHEAN allegedly worked in this matter on location of DirecTV where she was involved in cleaning electronic parts with chemicals.

16. From 2017 to 2019, Defendant LUAM UM NHEAN allegedly worked on location of Defendant ADAMS RITE where she assisted disabled individuals in performing document scanning on the second floor of the building.

17. Defendant LUAM UM NHEAN alleges that "the air from the first floor production area permeated with chemical fumes and dust permeated to the second floor."

18. Defendant LUAM UM NHEAN alleges that neither she nor the disabled individuals she worked with were provided masks or any other protective equipment and that she was never provided information or explained the risks of the chemicals, chemical substances, dust and other particles she was exposed to while working at DirecTV and ADAMS RITE.

19. Defendant LUAM UM NHEAN alleges that after her employment with Ability First at the DirecTV and ADAMS RITE locations she has not been employed elsewhere.

20. In or about July 2019, Defendant LUAM UM NHEAN alleges she was diagnosed with small cell lung cancer as a result of the fraudulent concealment of the risks of working at the DirecTV and ADAMS RITE manufacturing facilities and exposure to toxic dust, particles and chemicals used in DirecTV's and ADAMS RITE's manufacturing processes which caused her lungs to suffer injury that progressed from respiratory irritation to terminal lung cancer.

21. On or about September 25, 2020, the Underlying Action was tendered to FSIC seeking defense and indemnification against the claim asserted by Defendant LUAM UM NHEAN.

22. FSIC has disclaimed any obligation to defend or indemnify ADAMS RITE in the Underlying Action because the injuries alleged by Defendant LUAM UM NHEAN would not have occurred but for her exposure to "pollutants" as defined by the FSIC Policies and such injuries are specifically excluded from coverage by the Total Pollution Exclusion.

23. FSIC's obligation to defend ADAM RITE in the Underlying Action under the FSIC Policy is also dependent upon actual payment by ADAM RITE of $500,000 in defense expense or loss and FSIC has not been presented with evidence of such payment.

24. FSIC is informed and believes and thereon alleges that Defendant ADAM RITE disputes FSIC's position that FSIC has no duty to defend or indemnify ADAMS RITE under the FSIC Policy for the injuries alleged by Defendant LUAM UM NHEAN.

**FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT**

25. Plaintiff incorporates by reference Paragraphs 1 through 24 of this Complaint as fully set forth herein.

26. This is an action by FSIC for a declaratory judgment pursuant to 28 U.S.C. Section 2201 and Federal Rules of Civil Procedure Rule 57. An actual controversy exists between FSIC and Defendants ADAMS RITE and LUAM UM NHEAN and Does 1 through 50, regarding their respective rights and obligations under the FSIC Policy.

27. A declaration is necessary and proper at this time so that the parties' dispute may be resolved.

28. FSIC seeks a judicial determination that: (a) FSIC has no duty to defend or indemnify ADAMS RITE under the FSIC Policy for the injuries alleged by Defendant LUAM UM NHEAN based on the Total Pollution Exclusion; and (b) any judicial determination of coverage under the FSIC Policy for Defendant LUAM UM NHEAN's claim will be binding on all parties to this action.

## PRAYER

WHEREFORE, FSIC prays for judgment against Defendants ADAMS RITE, LUAM UM NHEAN and Does 1 through 50, inclusive, and each of them, as follows:

### FOR THE FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

1) For a declaratory judgment setting forth FSIC's respective rights and obligations to defend and indemnify ADAMS RITE for the claim presented in the Underlying Action;

2) For such other and further relief as the Court may deem just and proper.

Dated: February 16, 2021         GRIMM, VRANJES & GREER LLP

By: *Matthew Morache* /s/
Gregory D. Stephan
Matthew Morache
Attorneys for Plaintiff
FIRST SPECIALTY INSURANCE CORPORATION

W:\Cases\21610077\PLD\C\02309229.DOCX